399 So.2d 9 (1981)
CITIZENS OF the STATE of Florida, Appellants,
v.
FLORIDA PUBLIC SERVICE COMMISSION, et al., Appellees.
No. XX-7.
District Court of Appeal of Florida, First District.
May 12, 1981.
Rehearing Denied June 24, 1981.
*10 Jack Shreve, Public Counsel, and J. Roger Howe, Asst. Public Counsel, Tallahassee, for appellants.
Arthur C. Canaday, Jr., Susan F. Clark, Virginia Daire Reber, and Raymond E. Vesterby, Tallahassee, for appellee, Public Service Commission.
James L. Ade and William A. Van Nortwick, Jr., Jacksonville, for appellee, General Waterworks Corp.
LILES, WOODIE A. (Retired), Associate Judge.
Pursuant to Article V, Section 3(b)(2), Florida Constitution (1980), the Public Counsel is before this Court urging that we disallow a rate base which includes "add back" of accumulated depreciation attributable to contributions-in-aid-of-construction (CIAC).
The Public Service Commission (PSC) granted General Waterworks Corporation d/b/a General Waterworks  Central Florida District (General Waterworks) a rate increase and in doing so allowed the accumulated depreciation on CIAC to be added back, and Public Counsel maintains that this is that type of "double-dipping" prohibited by the Supreme Court in Citizens of the State of Florida v. Hawkins (Holiday Lakes), 364 So.2d 723 (Fla. 1978).
There, the Court said:
The process of setting public utility rates involves at least two essential elements: the utility's rate base and the rate of return. Rate base represents the utility property which provides the services for which rates are charged. The rate of return is a percentage figure which is applied to the rate base in order to establish a reasonable return for the utility's investors. When these two figures are multiplied the net operating income of the utility results. Operating expense and income taxes are then added to the net operating income to calculate gross revenue. The actual rates charged the customers are determined in such a way as to allow the utility to collect this gross revenue. Id., at 724.
Here, as in Holiday Lakes, a significant portion of the utility's assets, or property, is attributable to CIAC, which is plant for which the utility's investors have not paid. In calculating General Waterworks' rate base, the PSC has allowed the utility to add back into its computation a figure which represents accumulated depreciation on CIAC. Stating its computation of rate base as a formula, PSC's method defines rate base as follows:
RB = (X + Y) - [(A + B) + X] + A[1]
First, and most importantly, Holiday Lakes is factually distinguishable because there the PSC, in addition to allowing the add-back into the rate base, also allowed the utility to treat that depreciation on CIAC as an operating expense. In this case, however, the PSC did not allow depreciation on CIAC as an operating expense. This difference in treatment is important. The practice of allowing CIAC depreciation as an operating expense instead of allowing the add-back in the rate base would lead to a greater revenue requirement for the utility and, consequently, higher rates for the utility's customers because a utility receives a dollar-for-dollar return on operating expenses, but only a percentage on its rate base. Further, while the practice of allowing depreciation on CIAC as an operating expense was not at issue in Holiday Lakes, the end result of that case disallowed the add-back in the rate base so as to prevent the utility from double-dipping. Accordingly, we think that the PSC's present practice of disallowing depreciation on CIAC as an operating expense constitutes an offsetting factor "which would neutralize this practice (adding back accumulated depreciation on CIAC in the rate base) and the harmful effects that ensue from allowing utilities to earn a return on contributed capital." Id., at 727.
The Supreme Court also specifically noted in Holiday Lakes that its decision in no *11 way conflicted with its prior ruling in Westwood Lake, Inc. v. Dade County, 264 So.2d 7 (Fla. 1972), and quoted approvingly from that case:
[T]o disregard arbitrarily that part of a utility's equipment because it was "contributed" and to allow no recognition of its replacement ignores reality; it would only mean a raise in rates later on when it became necessary to replace it. A depreciation loss factor may be proper if necessary to prevent a resulting unfair rate, because its purpose is to save against loss and this must be anticipated. Id., at 11.
Holiday Lakes, 364 So.2d at 726. Stated differently, depreciation is not merely a measure of the recovery of investment; rather, it also reflects deterioration of equipment which, inevitably, will have to be replaced. Here, by utilizing the PSC's formula for rate base the utility can make provisions today for the replacement of property as it is retired from service. The formula allows the utility to receive a fair return on its investment and in no way penalizes the rate payers who are paying for the cost of using up the equipment which provides them service.
Finally to the Public Counsel's contentions, PSC's allowance of the add-back does not reintroduce CIAC into the rate base. Rather, it completely eliminates its influence! If CIAC and accumulated depreciation on it are completely excised from the rate base formula described above, one ends up with the following formula for rate base:
RB = Y-B.
As noted earlier, the PSC's formula for computing rate base is:
RB = (X + Y) - [(A + B) + X] + A.
As can be readily seen, these two formulas are equal:
Y - B = (X + Y) - [(A + B) + X] + A.
Y - B = (X + Y) - [(a + B) + x] + a.
Y-B = Y-B.
CIAC has thus been completely eliminated from the rate base. Hence, the actual accounting procedures used need not be scrutinized under the "end result" doctrine first enunciated in Jacksonville Gas Corporation v. Florida Railroad & Public Utilities Commission, 50 So.2d 887 (Fla. 1951). See also, Westwood, supra; General Telephone Company of Florida v. Carter, 115 So.2d 554 (Fla. 1959); Federal Power Commission v. Hope Natural Gas Company, 320 U.S. 591, 64 S.Ct. 281, 88 L.Ed. 333 (1944).
We have considered the other points on appeal and cross-appeal and find them to be without merit. Accordingly, PSC's order is
AFFIRMED.
SHIVERS and WENTWORTH, JJ., concur.
NOTES
[1] X represents CIAC; Y represents invested capital in utility; (X + Y) represents the total assets of the utility; A represents accumulated depreciation on CIAC; B represents accumulated depreciation on invested capital; (A + B) represents accumulated depreciation on total assets.